RICHARD LE, ET AL.
v.
NITE TOWN, INC.
08-1423
Court of Appeals of Louisiana, Third Circuit.
April 1, 2009.
NOT DESIGNATED FOR PUBLICATION
THOMAS R. HIGHTOWER, JR., WADE KEE, Counsel for Defendant/Appellant: Nite Town, Inc.
MARK R. PHARR, III, MARK T. GARBER, JULIE E. VAICIUS, MARY E. LAORENZ, GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, Counsel for Intervenor/Appellee: Markel International Insurance Company, LTD
DERRIEL CARLTON MCCORVEY, Attorney at Law, Counsel for Plaintiff/Appellee: Richard Le Edward Prince
Court composed of DECUIR, PETERS, and AMY, Judges.
DECUIR, Judge.
Nite Town, Inc. (Nite Town) appeals the trial court's grant of summary judgment in favor of its insurer, Markel International Insurance Company, Ltd. (Markel).

FACTS
Richard Le (Le) and Edward Prince (Prince) allege that on October 1, 2006, the bouncers at Nite Town used excessive force against them causing serious injuries and damages for which they had to seek medical treatment. They filed suit alleging vicarious liability on the part of Nite Town. Markel intervened and filed this motion for summary judgment alleging that its commercial general liability policy issued to Nite Town contains an assault and battery exclusion which precludes coverage and relieves Markel of the duty to defend the suit. The policy provision provides:
g. Assault and/or Battery Exclusion
The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons or any other person. Nor does the insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property.
The trial court granted summary judgment in favor of Markel, and Nite Town lodged this appeal.

DISCUSSION
An appellate court reviews summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. Schroeder v. Bd. of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
Nite Town alleges that the trial court improperly granted Markel's motion for summary judgment because there are genuine issues of material fact in dispute as to whether an assault and/or battery actually occurred. We disagree.
The clear language of the policy excludes coverage for assault and/or battery and acts or omissions to prevent an assault and/or battery whether caused by an insured, insured's employee, patron or any other person. In addition, the exclusion extends to bodily injury resulting from the use of reasonable force to protect property. Thus, the policy coverage is excluded regardless of whether Nite Town's employees or the plaintiffs instigated the exchange. Likewise, it does not matter whether the injuries occurred as the result of an assault and/or battery or as a result of efforts to avoid an assault and/or battery. Finally, the exclusion precludes coverage for the independent negligence of Nite Town related to the training, etc. of its personnel involved in incidents such as these.
Accordingly, despite the contradictory affidavits of the plaintiffs and bouncers, there are no genuine issues of material fact in dispute with regard to the issue of Markel's coverage. The motion for summary judgment was properly granted.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Nite Town, Inc.
AFFIRMED.
This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.